**Marco ROSE, Petitioner–Appellant,**

v.

**Anthony KANE, Acting Warden, Respondent–Appellee.**

No. 07–15856.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2008.

Filed March 18, 2008.

Marc E. Grossman, Law Offices of Marc Grossman, Upland, CA, for Petitioner–Appellant.

Jessica N. Blonien, Esq., Krista Leigh Pollard, Esq., Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: THOMPSON, M. SMITH, Circuit Judges, and HAYES *, District Judge.

### MEMORANDUM **

California state prisoner Marco Rose appeals from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition challenging the California Board of Parole Hearings' (Board) decision finding him unsuitable for parole. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

California prisoners whose sentences provide for the possibility of parole have a "constitutionally protected liberty interest in the receipt of a parole release date," and a parole board's decision to deny parole deprives a prisoner of due process if it is not supported by " 'some evidence.' " *Irons v. Carey*, 505 F.3d 846, 850–51 (9th Cir.2007) (citing *Sass v. Calif. Bd. of Prison Terms*, 461 F.3d 1123, 1128–29 (9th Cir.2006)); *see also Superintendent v. Hill*, 472 U.S. 445, 457, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Rose contends that the "some evidence" standard should not apply to denial-of-parole cases. Rose further contends that even if the "some evidence" standard does apply, the Board's reliance on the unchanging facts of his commitment offense deprived him of his Fourteenth Amendment right to due process because there was no nexus between the Board's findings and his current suitability for parole. *See Hayward v. Marshall*, 512 F.3d 536, 545–48 (9th Cir.2008)

As we noted in *Irons*, the "some evidence" standard is "clearly established" for cases in which we review a parole board's decision to deny parole, and we reject Rose's contention that an alternative standard should apply. 505 F.3d at 851; *see also Hill*, 472 U.S. at 457, 105 S.Ct. 2768; *Sass*, 461 F.3d at 1128–29. With respect to Rose's due process claim, the Board relied on more than just the unchanging facts of Rose's commitment offense in denying Rose parole. The Board relied on Rose's demonstrated lack of in-

* The Honorable William Q. Hayes, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sight into the commitment offense, Rose's demeanor at his parole hearing, as well as the facts of the commitment offense in determining that Rose was unsuitable for parole. We conclude that the Board's decision to deny Rose parole is supported by "some evidence" and did not violate Rose's right to due process. *See Irons,* 505 F.3d at 851–54.

The district court correctly concluded that the state trial court's determination that the Board did not violate Rose's due process rights was neither contrary to, nor an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1); *Irons,* 505 F.3d at 850.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.